# Caudell v. Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Railroads—Yards—Permissive crossing.*

Where a railroad company permits persons to enter its yard for the purpose of unloading cars of produce, and it appears that there were certain plank crossings in the yard used by wagons, but that it was also necessary for consignees of produce and their employees in order to get to their cars, to go diagonally across intervening tracks, the railroad company will be liable for the death of an employee of a consignee who was killed by the negligent operation of a train, while he was diagonally crossing, without negligence on his part, to the tracks on which the cars were at a point other than the plank crossings. Such a case is not controlled by the rules of law applicable to grade-crossing cases, and it cannot be held as a matter of law that the deceased was guilty of contributory negligence in making the diagonal crossing.

Argued Oct. 31, 1911. Appeal, No. 225, Oct. T., 1911, by defendant from judgment of C. P. No. 4, Allegheny Co., First Term, 1909, No. 234, on verdict for plaintiff in case of Estella Caudell v. Baltimore & Ohio Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before COHEN, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William Watson Smith* of *Gordon & Smith*, for appellant.

*David A. Reed* of *Reed, Smith, Shaw & Beal,* with him *Allen H. Kerr* and *Young & Clay,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 2, 1912:

Two errors are assigned, one the refusal of the trial judge to give binding instructions for defendant, and the other the refusal to enter judgment non obstante veredicto upon the whole record. As viewed by appellant this means that the case should not have been submitted to the jury, the evidence being insufficient to sustain a recovery. For the reason stated in Boggess v. Railroad Company, 234 Pa. 379, in an opinion just handed down, we think this position is untenable. The learned counsel for appellee in the counter history of the case concisely state the facts in substance as follaws: Defendant railroad company had been accustomed to place incoming cars of produce on a particular track in the middle of the freight yards. The clerk who controlled these cars was stationed in the yard office, in a small building used by produce merchants for telephone and weigh scale purposes. It was necessary for the produce men to make frequent trips between the cars containing their produce and the yard office. There were two possible routes between these points; one by way of two planked wagon crossings; the other by a diagonal route across the tracks. The route by way of the planked wagon crossings was longer and required six open tracks to be crossed at grade. The diagonal route was much shorter and required the crossing of only one open track. The evidence warranted a finding that for several years prior to the accident, it had been customary for the produce men, their employees and their customers, to use the diagonal route in going from the yard office to the cars containing produce and returning therefrom. There was also evidence tending to show that the yard crews knew of this custom and there was no denial by appellant. Nothing was done by the railroad company by

notice or otherwise to indicate that the use of the diagonal way was objectionable. This permissive use seems to have been acquiesced in by all parties concerned. The accident which resulted in the death of the husband occurred early on a Monday morning in January. This was the busiest day. of the week, and Caudell, an employee of Boggess, was accompanying his employer to the car containing produce when he was struck and killed by a shifting engine running backward with tender ahead. There is some conflict in the testimony as to whether the two injured persons were walking longitudinally on the track; or were crossing it diagonally to the point where the car of produce was located. But this question was submitted to the jury. The testimony is also conflicting as to the precise time of the accident, but all the witnesses agreed that it was before sunrise. It was foggy and persons could not see a long distance. The fireman who was running the engine at the time, looking ahead, saw the two decedents when within forty to sixty-feet of the point where they were struck on the track. He admits that he could have applied the air-brake and stopped the engine before the men were struck. He did not do so because he thought they would step off the track before the engine reached them. The men evidently did not know of the approach of the engine and as a result forfeited their lives. The engine was not only running backward but the headlight was not lighted. No bell was rung or other warning given to notify decedents of impending danger until it was too late. Under these circumstances the question of the negligence of appellant was for the jury, and the same may be said as to the contributory negligence of the deceased husband. Both questions were submitted to the jury by the learned trial judge in a fair and impartial charge free from just criticism. The main contention of appellant here is that Caudell should have been declared guilty of contributory negligence as a

matter of law.  In other words that by going upon the track by the diagonal route instead of by the planked wagon crossings he was guilty of negligence per se. We have discussed this question fully in Boggess v. Railroad Company, 234 Pa. 379, and will not further elaborate it here.  We deem it sufficient to say that under the facts of the present case the rigid rules applicable to grade crossings do not apply.  This is not in any proper sense a grade crossing case.  The question involved here is the duty of a railroad company to afford reasonable and safe access to a car containing a shipment of produce standing on a track in a freight yard for the purpose of being unloaded.  It is a question of the right to use a permissive diagonal way, not necessarily a distinct and defined diagonal crossing, as a means of access to the car in question.  We think that all questions raised by this appeal were under the facts for the jury, and that they were properly submitted.

Judgment affirmed,